# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIS RAYSHON WILLIAMS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BPV MARKET PLACE INVESTORS, L.L.C., ) <br> et al., ) <br> ) <br> Defendants. ) | No. 4:14-CV-1047 CAS |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT

Plaintiffs Willis Rayshon Williams and Marco Turner and defendants BPV Market Place Investors, L.L.C., BPV Market Place, L.L.C., Jerry Abbott and Devlyn Ray have filed a joint motion requesting that the Court approve their settlement agreements. This case was brought under §§ 216(b) and 215(a)(3) of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), and, as a result, any settlement must be approved by the Court.[1] Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). In support of the motion, the parties submitted a memorandum detailing their assertions that (1) this matter involves a bona fide dispute with several legal and factual disputes, and (2) arm's-length negotiation resulted in a settlement of all claims on terms that are fair, reasonable and adequate. The parties also submitted the settlement agreements, which were filed under seal because they contain confidential information. Because the Court finds that the settlements are fair and equitable to all parties, it will approve them.

A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed

---

[1]Plaintiffs also brought state law claims for breach of contract and quantum meruit.

settlement is fair and equitable to all parties. Lynn's Food Stores, 679 F.2d at 1353; Fry v. Accent Marketing Servs., L.L.C., 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); Moore v. Ackerman Investment Co., 2009 WL 2848858, at *2 (N.D. Iowa Sept. 1, 2009).

This settlement is the product of contested litigation. The plaintiffs in this action have brought suit against their former employers to recover allegedly unpaid wages and tips under the FLSA. Plaintiffs also asserted that the defendants retaliated against them for complaining about defendants' unlawful pay practices. Defendants moved to dismiss the case or in the alternative to stay the proceedings and compel arbitration. Shortly after the defendants' motion to dismiss was filed, the parties notified the Court of settlement.

To determine whether the settlement is fair and reasonable under the FLSA, courts routinely consider the same fairness factors typically applied to a Rule 23 class action. Fry, 2014 WL 294421, at *1; Moore, 2009 WL 2848858, at *2. Among the factors a court may consider are the stage of the litigation, the amount of discovery exchanged, the experience of counsel, and the reasonableness of the settlement amount based on the probability of plaintiffs' success with respect to any potential recovery. Fry, 2014 WL 294421, at *1. Here, the plaintiffs and defendants agreed to the settlements fairly early in the litigation, but assert they have done so after recognizing the existence of significant disputed legal and factual issues regarding the plaintiffs' claims that make the outcome of litigation uncertain. The parties represent to the Court that the settlement agreements are the product of arm's- length negotiations and constitute a fair, reasonable and adequate settlement of all of the plaintiffs' claims based on the merits of their cases, weighed against the terms of the settlements, and the complexity, expense and uncertain outcome of continued litigation. Each party was represented by competent counsel during settlement negotiations and throughout the pendency

2

of this case. The parties have developed their cases enough to know the potential recovery and the relative risks of proceeding to trial with their claims, but the litigation is not so advanced that the parties will not realize significant benefits by settling before filing motions for summary judgment and trial. The Court finds no basis to doubt that the settlements are fair and reasonable to all parties.

The requested attorneys' fees in this case are also reasonable. It is well established that "[t]he starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rat[e]." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). Plaintiffs' attorney in this case has undertaken significant effort required to obtain the settlement agreements reached by the parties, including but not limited to investigating and researching the claims before filing suit; preparing suit papers; reviewing and analyzing documents produced by the defendants, including but not limited to pay and time records for plaintiffs; researching issues related to defendants' arbitration motion and calculation of damages; conducting calculations to compute the amount of claimed damages; and preparing papers to finalize the settlements and petition the Court for their approval. The amount of attorneys' fees requested by plaintiffs' counsel is not opposed by defendants and is reasonable based on the amount of time and effort expended on this case.

Finally, the parties filed their settlement agreements under seal and the settlement agreements contain confidentiality provisions. Although the Court generally discourages the filing or retention of documents under seal, in this case when the substantial benefits of the settlements are balanced against the harm of sealing the documents from public view, the Court concludes that the interests of justice weigh in favor of approving the parties' settlement agreements and allowing them to remain filed under seal.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Dismiss with Prejudice and for Approval of Settlements is **GRANTED**. [Doc. 27]

An appropriate order of dismissal will accompany this Memorandum and Order Approving Settlement.

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of October, 2014.